# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DONTRAY RASHI CHANEY,

       Plaintiff,

v.

PUBLIX EMPLOYEES FEDERAL
CREDIT UNION ("PEFCU"),

       Defendant.

Case No.: 6:26-cv-01167

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Dontray Rashi Chaney ("Plaintiff" or "Mr. Chaney") brings this action on an individual basis, against Publix Employees Federal Credit Union ("PEFCU" or "Defendant") for its violations of the Electronic Funds Transfer Act ("EFTA") 15 U.S.C. § 1693, *et. seq.*, and states as follows:

## INTRODUCTION

1.      The computerization of banking and financial services has substantially increased the speed and convenience of electronic fund transfers for consumers throughout the United States.

2.      However, the same systems that permit rapid electronic transfers have also created opportunities for identity theft, account takeovers, debit card fraud, and unauthorized electronic transfers from consumer bank accounts.

3.      Congress enacted the Electronic Fund Transfer Act ("EFTA"), 15

1

U.S.C. § 1693 et seq., to protect consumers from unauthorized electronic fund transfers and to establish procedures that financial institutions must follow when investigating disputes concerning unauthorized transactions.

4.     At all relevant times, an unknown third party initiated unauthorized electronic fund transfers from Plaintiff's checking account maintained with Defendant through the money transfer platform "Remitly." Remitly is an online money transfer service that allows users to send and receive money *internationally* in a fast, secure, and convenient way.

5.     Plaintiff did not authorize the disputed transactions, did not receive any benefit from the transactions, and did not authorize any third party to use his debit card or account information to initiate the transfers.

6.     Despite timely notice from Plaintiff, Defendant failed to conduct a reasonable and good-faith investigation into the disputed transactions, failed to properly reconsider the dispute after receiving additional evidence, failed to provisionally or permanently credit Plaintiff's account, and improperly held Plaintiff liable for unauthorized electronic fund transfers.

7.     Defendant further concluded that Plaintiff authorized the disputed transactions despite the absence of evidence reasonably supporting such a conclusion.

8.     As a result of Defendant's conduct, Plaintiff suffered financial loss,

2                    *Chaney v. Publix Employees Federal*
                                    *Credit Union*
                        Complaint and Demand for Jury Trial

emotional distress, inconvenience, loss of use of his funds, and other damages recoverable under the EFTA.

9.     Accordingly, as part of this action, Plaintiff seeks actual, statutory, and punitive damages, costs and attorneys' fees from Defendant for its willful and/or negligent violations of the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq*., as described herein.

## PARTIES

10.     Dontray Rashi Chaney ("Plaintiff" or "Mr. Chaney") is a natural person residing in Orlando, Florida and is a "consumer" as that term is defined in 15 U.S.C. § 1693a(6).

11.     Plaintiff is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12.     At all relevant times, Plaintiff maintained accounts with Defendant including:

a. Prime Share savings account ("Savings Account"); and

b. Checking account ending in *72 ("Checking Account").

13.     Plaintiff's accounts were established primarily for personal, family, and household purposes.

14.     Plaintiff's accounts constitute "accounts" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. § 1005.2(b).

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

15.    Defendant Publix Employees Federal Credit Union ("PEFCU" or "Defendant") is a bank with its headquarters in Lakeland, Florida and is authorized to conduct business in the State of Florida, including within this District.

16.    At all relevant times, Defendant was a bank that held Plaintiff's Savings Account and Checking Account.

17.    At all relevant times, Defendant is a "financial institution" as that term is defined by 15 U.S.C. § 1693a(9).

## JURISDICTION AND VENUE

18.    This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1693m.

19.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the events giving rise to Plaintiff's claims occurred within this District.

## FACTS

### The Unauthorized Remitly Transactions

20.    Plaintiff maintained the Savings Account and Checking Account with Defendant.

21.    Plaintiff primarily used his Checking Account for routine personal expenses and transfers.

22.    Plaintiff routinely transferred only small amounts from his Savings account into his Checking Account as needed.

4

*Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial

23. On May 16, 2025, Plaintiff deposited approximately $44,302.48 into his PEFCU account.

24. On May 19, 2025, fourteen unauthorized Remitly transactions totaling approximately $4,171.86 were initiated from Plaintiff's Checking Account (the "May 2025 Unauthorized Transactions").

25. The unauthorized transactions included the following:

i. RMTLY DC5D3 – $52.99;

ii. RMTLY P4CFE – $102.99;

iii. RMTLY B6B13 – $152.99;

iv. RMTLY MC07F – $152.99;

v. RMTLY D34A2 – $222.99;

vi. RMTLY KB72F – $102.99;

vii. RMTLY J1EDC – $302.99;

viii. RMTLY E559E – $352.99;

ix. RMTLY R0007 – $452.99;

x. RMTLY HC162 – $552.99;

xi. RMTLY M527E – $502.99;

xii. RMTLY HFD29 – $432.99;

xiii. RMTLY R1AFE – $352.99; and

xiv. RMTLY D75AA – $432.99

5

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

26.    Plaintiff did not authorize any of the disputed transactions.

27.    Plaintiff did not provide any third party with authority or permission to initiate the disputed transactions.

28.    Plaintiff did not use Remitly and had never knowingly used Remitly prior to discovering the fraudulent transactions.

29.    On May 19, 2025, Plaintiff had possession of his PEFCU debit card ending in 5030 at all times.

30.    Plaintiff did not receive any benefit from the disputed transactions.

31.    Upon information and belief, an unknown third party obtained Plaintiff's banking and/or card information and used it to initiate unauthorized electronic fund transfers through Remitly.

**Plaintiff Timely Disputed the May 2025 Unauthorized Transactions**

32.    On May 20, 2025, immediately after discovering the unauthorized transactions, Plaintiff notified Defendant of the fraudulent activity.

33.    Plaintiff contacted Defendant by telephone on May 20, 2025, and disputed the unauthorized Remitly transactions.

34.    Plaintiff informed Defendant that:

i. he did not authorize the transactions;

ii. he had possession of his debit card;

iii. he had not provided his card to another individual;

6

*Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial

iv. he did not use Remitly; and

v. he did not transfer large sums between his accounts on May 19, 2025.

35.    Plaintiff visited a PEFCU branch the following day and was instructed to contact the number listed on the back of his debit card.

36.    After Plaintiff disputed the transactions, Defendant cancelled Plaintiff's debit card ending in 5030.

37.    On May 23, 2025, Defendant provided Plaintiff with a Visa Resolve Online ("VROL") statement concerning transactions occurring between November 2024 and May 2025.

38.    Upon reviewing the VROL records, Plaintiff discovered additional unauthorized Remitly transactions dating back to November 2024 that had not appeared on his ordinary account statements.

39.    Plaintiff had not previously detected those unauthorized transactions because, upon information and belief, they were not reflected on the PEFCU account statements available to him.

40.    The VROL records revealed additional unauthorized Remitly-related activity totaling hundreds of dollars beginning in late 2024.

41.    On May 27, 2025, Defendant denied Plaintiff's dispute and concluded that no error occurred.

42.    Defendant asserted that Plaintiff either voluntarily participated in the

7

*Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial

transactions, shared his card information, and/or benefitted from the merchant's services.

43. Defendant failed to provide Plaintiff with evidence reasonably demonstrating that he authorized the disputed transactions.

44. Defendant failed to provisionally credit Plaintiff's account during the investigation.

45. Defendant failed to permanently reimburse Plaintiff for the unauthorized transfers.

**Plaintiff Provided Additional Evidence of Fraud**

46. On June 2, 2025, Plaintiff filed a police report with the Orlando Police Department concerning the theft of funds from his account.

47. The police report stated that an unknown individual obtained Plaintiff's online banking information and transferred funds from Plaintiff's account to overseas recipients.

48. On June 4, 2025, Plaintiff faxed the police report to Defendant.

49. Despite receiving the police report and Plaintiff's continued denial of involvement, Defendant refused to reconsider its prior determination.

50. On June 9, 2025, Defendant informed Plaintiff that it considered the matter closed and that no error had occurred.

51. Upon information and belief, Defendant relied primarily or exclusively

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

on the fact that the transactions were conducted using Plaintiff's account credentials and/or debit card information.

52. Defendant did not identify any other evidence establishing that Plaintiff authorized the disputed transactions.

53. Defendant did not identify any evidence establishing that Plaintiff benefitted from the disputed transactions.

54. Defendant failed to conduct a reasonable investigation into whether Plaintiff's account credentials or debit card information had been compromised.

**Remitly Account Information Confirmed Fraud Indicators**

55. On December 9, 2025, Plaintiff contacted Remitly regarding the disputed transactions.

56. Remitly confirmed that an account existed using Plaintiff's identifying information.

57. However, the Remitly account also contained information inconsistent with Plaintiff, including:

i. an unfamiliar email address;

ii. an unfamiliar phone number; and

iii. historical transactions involving other financial institutions and third parties unfamiliar to Plaintiff.

58. Remitly further confirmed that the account had been used for repeated

9

*Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial

money transfer activity.

59.     The information obtained from Remitly was consistent with identity theft and/or account takeover fraud.

60.     Despite this information, Defendant continued refusing to reimburse Plaintiff for the unauthorized transfers.

**Defendant Failed to Conduct an Investigation Reasonably Establishing that Plaintiff Initiated or Authorized the Disputed May 2025 Unauthorized Transactions**

61.     The EFTA places the burden on a financial institution to prove that disputed electronic fund transfers were authorized.

62.     Defendant failed to conduct a reasonable and good-faith investigation into Plaintiff's disputes.

63.     Defendant did not have a reasonable basis for concluding that Plaintiff authorized the disputed transfers.

64.     Defendant did not have a reasonable basis for concluding that Plaintiff benefitted from the disputed transfers.

65.     A reasonable investigation would have included, among other things:

  i. review of account access logs;

 ii. review of IP address information;

iii. review of device identifiers;

iv. review of geolocation data;

10

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

v. review of transfer destination information;

vi. review of Remitly account information; and

vii. review of the suspicious transfer pattern.

66.    Defendant nevertheless improperly imposed liability for the unauthorized transfers upon Plaintiff.

67.    Defendant knowingly and/or recklessly concluded that the disputed transactions were authorized despite evidence demonstrating fraud and identity theft indicators.

68.    As a direct result of Defendant's conduct, Plaintiff lost access to thousands of dollars in funds from his account.

69.    Defendant also closed Plaintiff's checking account and designated it as a "high-risk account."

70.    Plaintiff suffered financial hardship, stress, emotional distress, inconvenience, frustration, embarrassment, and loss of use of his funds.

71.    Plaintiff also spent substantial time attempting to recover his funds and repeatedly communicating with Defendant regarding the unauthorized transactions

### Plaintiff Disputes the May 2025 Unauthorized Transactions Again with Defendant December 2025

72.    On December 9, 2025, Plaintiff completed an FTC Identity Theft Affidavit concerning the unauthorized Remitly transactions and identity theft associated with his PEFCU account.

11

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

73.     On or about December 15, 2025, desperate to get reimbursed for the stolen funds, Plaintiff disputed a written dispute letter to Defendant disputing the May 2025 Unauthorized Transactions.   Plaintiff mailed that dispute letter via certified mail.

74.     In his December 2025 dispute, Plaintiff specifically informed Defendant that:

i. he did not recognize or authorize the disputed transactions;

ii. he never used Remitly;

iii.     he maintained possession of his debit card ending in 5030 at the time of the fraudulent transfers;

iv.     no other individual had access to his debit card;

v.     he did not benefit from any of the disputed transactions;

vi.     he believed he was the victim of identity theft; and

vii.     additional unauthorized Remitly transactions had been discovered through the VROL records going back to November 2024.

75.     Plaintiff requested that Defendant investigate the unauthorized transactions and immediately refund the stolen funds.

76.     Plaintiff enclosed supporting documentation with the renewed dispute correspondence, including, proof of identity; account documentation; transaction information; and the FTC Affidavit.

12

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

77.     On or about December 18, 2025, Plaintiff's first dispute letter was delivered to Defendant.

78.     On January 5, 2026, Plaintiff sent a second dispute letter to Defendant including Plaintiff's updated proof of address.

79.     On or about January 10, 2026, Plaintiff's second dispute letter was delivered to Defendant.

80.     On or about February 10, 2026, Plaintiff received an email from Defendant requesting that he called them at a specified number.

81.     Following Defendant's instruction, Plaintiff called Defendant at the number provided and was informed that the dispute letter had been reviewed on January 23, 2026, but Defendant stated that the evidence provided was insufficient.

82.     Despite receiving substantial additional evidence demonstrating identity theft and unauthorized activity, Defendant failed and refused to conduct a reasonable reinvestigation.

83.     On February 11, 2026, Defendant informed Plaintiff that the renewed dispute had been reviewed but that Defendant would not alter its original determination denying Plaintiff's claim.

84.     Defendant did not identify any evidence demonstrating that Plaintiff authorized the disputed transfers.

85.     Defendant did not identify any evidence demonstrating that Plaintiff

*Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial

benefitted from the disputed transfers.

86. Defendant instead merely reaffirmed its prior denial despite receiving substantial additional evidence of fraud and identity theft.

87. Defendant knowingly and/or recklessly concluded that the disputed electronic fund transfers were authorized when such a conclusion could not reasonably have been drawn from the evidence available to Defendant.

88. Defendant merely reaffirmed its prior denial despite receiving substantial additional evidence of fraud and identity theft.

89. Defendant knowingly and/or recklessly concluded that the disputed electronic fund transfers were authorized when such a conclusion could not reasonably have been drawn from the evidence available to Defendant.

90. To date, Defendant has not conducted a sufficient investigation relative to the unauthorized electronic funds transfer complained of by Plaintiff.

91. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the unauthorized electronic funds transfer complained of by Plaintiff.

92. To date, Defendant has not issued Plaintiff a credit for the funds electronically transferred to Remitly in May 2025 from Plaintiff's Checking Account.

93. Upon information and belief, Defendant never provided Plaintiff with

14

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

notice that he is entitled to request the documents or information utilized in coming to the conclusion that Plaintiff authorized the disputed electronic funds transfer.

94. Defendant did not have a reasonable basis for believing that the May 2025 Unauthorized Transactions from Plaintiff's account were not fraudulent.

95. Defendant knowingly and willfully concluded that the May 2025 Unauthorized Transactions from Plaintiff's account were authorized by Plaintiff when such a conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.

96. Presently, Plaintiff remains without funds fraudulently transferred to Remitly from Plaintiff's Checking Account in May 2025.

97. Defendant has imposed liability on Plaintiff for the entirety of the disputed May 2025 Unauthorized Transactions.

98. At all times pertinent hereto, Defendant was acting by and through its agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

99. At all times pertinent hereto, the conduct of Defendant, as well as that of its respective agents, servants, and/or employees, was intentional, willful, reckless, grossly negligent and in utter disregard for federal law and the rights of Plaintiff herein.

15

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

100.   The Defendant is aware of the shortcomings of its procedures and intentionally chooses not to comply with the EFTA to lower its costs.  Accordingly, the Defendant's violations of the EFTA are willful.

101.   As a direct and proximate result of the foregoing, Plaintiff suffered out of pocket damages of over $4,000 from his depository account, a sum of money that, for Plaintiff and his family, is material.

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. §§ 1693, *et. seq.* (EFTA)
### Violation of the Electronic Fund Transfer Act and Regulation E for Failure to Comply with Error Resolution Procedures

102.   Plaintiff re-alleges and incorporates by reference the allegations set forth in preceding paragraphs as if fully stated herein.

103.   Defendant is a financial institution subject to the requirements of the EFTA.

104.   Plaintiff's Checking Account at issue was established primarily for personal, family, or household purposes.  12 CFR 1005.2(b)(1).

105.   Plaintiff notified Defendant as early as May 2025 of the error in Plaintiff's Checking Account in the form of unauthorized electronic fund transfers from the aforementioned account.

106.   The aforementioned May 2025 Unauthorized Transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12

16

C.F.R. 1005.2(m).

107. Defendant was required to initiate a good faith investigation upon notice of Plaintiff's dispute(s).

108. Additionally, because the alleged error was an unauthorized EFT, Defendant bore (and bears) the affirmative burden of proof to establish that the EFT was authorized under 15 U.S.C. § 1693g(b).

109. Besides bearing the burden of proof for the investigation, Defendant was required to:

> (a)     Investigate in good faith and resolve the error within ten business days;
>
> (b)     Conduct a reasonable investigation;
>
> (c)     Support any finding by a reasonable basis for believing the consumer's account was not in error;
>
> (d)     Report to the consumer the results of the investigation within three business days of completing it. 12 CFR 1005.11.
>
> (e)     Provide documentary evidence supporting its position on reinvestigation, if challenged or requested by Plaintiff within ten days of Defendant's notification of its results.

110. Defendant violated the EFTA by failing, after Plaintiff requested a reinvestigation or supporting information, to timely or properly provide the same.

*Chaney v. Publix Employees Federal Credit Union*
Complaint and Demand for Jury Trial

111.    Defendant's actions were knowing and willful and in bad faith.

112.    Defendant's conduct was in violation of 15 U.S.C. § 1693f(a).

113.    Defendant's conduct was in violation of 15 U.S.C. § 1693f(d).

114.    As a direct and proximate result of the foregoing, besides any damages above and the cost of this action (all of which are available for any EFTA violation), Defendant is liable for treble damages pursuant to 15 U.S.C. § 1693f(e)(1) and (2).

115.    As a result of Defendant's conduct, action, and inaction, Plaintiff suffered damage by loss his depository funds in an amount over $4,000; loss of the ability to benefit from such funds; the expenditure of labor and effort disputing and trying to have his funds returned; and emotional distress including the mental and emotional pain, anguish, fear, and worry.

116.    As a result of each and every violation of the EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the following relief:

i.    Determining that Defendant negligently and/or willfully violated the EFTA;

ii.    Awarding Plaintiff Actual damages; Statutory damages; and Treble damages pursuant to 15 U.S.C. § 1693f(e);

18

*Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial

iii.    Awarding Plaintiff costs and reasonable attorneys' fees;

iv.    Awarding Plaintiff Pre-judgment and post-judgment interest; and

v.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED on May 26, 2026.

/*s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiff,*
*Dontray Rashi Chaney*

19    *Chaney v. Publix Employees Federal*
*Credit Union*
Complaint and Demand for Jury Trial